1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARK BELIAEV,                           Case No.  2:25-cv-1046-TLN-JDP (PS)

12              Plaintiff,

13        v.                                 ORDER; FINDINGS AND
                                             RECOMMENDATIONS
14   U.S. IMMIGRANTION AND CUSTOMS
     ENFORCEMENT, *et al.*,
15
                Defendants.
16

17          Mark Beliaev ("plaintiff") alleges that defendants United States Immigration and Customs

18   Enforcement ("ICE"), the Department of Homeland Security ("DHS"), and Smith, an officer with

19   the ICE field office in Fresno, violated his rights by denying his immigration parole and forcing

20   him to wear a GPS bracelet.  ECF No. 1 at 3.  He has also filed an application to proceed *in forma*

21   *pauperis*, ECF No. 2, a motion for permanent injunctive relief, ECF No. 4, a motion for

22   permission to file electronically, ECF No. 5, and a motion to waive PACER fees, ECF No. 6.

23   Plaintiff's complaint does not, for the reasons stated below, state a cognizable claim.  I will

24   dismiss it with leave to amend.  I will also grant his motion for application to proceed *in forma*

25   *pauperis* and deny his motions to file electronically and for waiver of fees.  Finally, I will

26   recommend that his motion for permanent injunction be denied.

27

28

                                                  1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's claims are non-cognizable. As an initial matter, federal agencies like ICE and DHS are not viable defendants in a section 1983 action. *See Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011). And a *Bivens* cause of action will not lie against defendant Smith. Claims under section 1983 may be brought against state actors, but where, as here, the defendants are federal

2

1  actors, the action can only proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of*
2  *Narcotics*, 403 U.S. 388 (1971).  The Supreme Court, however, has cautioned that a *Bivens* action
3  for damages is recognized only in three contexts: a Fourth Amendment claim based on a
4  warrantless search; a Fifth Amendment claim for employment gender discrimination; and an
5  Eighth Amendment claim for failure to provide adequate medical care to a prisoner.  *See*
6  *Harrison v. Birtwell*, No. 2:24-cv-1413 CSK P, 2024 U.S. Dist. LEXIS 138302, *4-5 (E.D. Cal.
7  Aug. 5, 2024) (collecting cases and describing the three recognized *Bivens* actions).  The
8  Supreme Court has stated that recognizing new *Bivens* claims is highly disfavored.  *Ziglar v.*
9  *Abbasi*, 582 U.S. 120, 135 (2017).  In weighing whether to extend *Bivens*, a court must ask
10  "whether there is any rational reason (even one) to think that Congress is better suited to weigh
11  the costs and benefits of allowing a damages action to proceed."  *Egbert v. Boule*, 596 U.S. 482,
12  496 (2022) (internal quotation marks omitted).  Here, there is no basis for finding a cognizable
13  *Bivens* claim against an ICE officer who has allegedly refused to remove a claimant's GPS
14  device.

15        I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity
16  to attempt to remedy these deficiencies.  His amended complaint will supersede its predecessor
17  entirely.  The amended complaint should be entitled "First Amended Complaint."

18        In light of the current complaint's non-viability, plaintiff's motion for injunctive relief
19  should be denied.  "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test
20  before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an
21  irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate
22  to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff
23  and defendant, a remedy in equity is warranted; and (4) that the public interest would not be
24  disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L. L. C.*, 547 U.S. 388, 391
25  (2006).  Here, plaintiff's complaint is non-viable, and, thus, he cannot show that he has suffered
26  an irreparable injury or that the balance of hardships tilts in his favor.

27        Finally, plaintiff's requests permission to file and for waiver of PACER fees are both
28  denied.  Generally, "any person appearing pro se may not utilize electronic filing except with

3

1  permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to

2  use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as

3  provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an

4  explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff does not

5  demonstrate good cause for a departure from the normal filing procedure for unrepresented

6  litigants. And given that plaintiff will be served by mail all orders issued by the court, he also has

7  not shown that PACER fees should be waived. *See Katumbusi v. Gary*, No. 2:14-cv-1534 JAM

8  AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014) ("[e]xemptions from PACER user fees

9  are uncommon" and "[i]n forma pauperis status alone does not support a request to waive PACER

10  fees").

11            Accordingly, it is hereby ORDERED that:

12            1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

13            2. Plaintiff's complaint, ECF No. 1 is DISMISSED with leave to amend.

14            3. Within thirty days from service of this order, plaintiff shall file either (1) an amended

15  complaint or (2) notice of voluntary dismissal of this action without prejudice.

16            4. Failure to timely file either an amended complaint or notice of voluntary dismissal may

17  result in the imposition of sanctions, including a recommendation that this action be dismissed

18  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

19            5. The Clerk of Court shall send plaintiff a complaint form with this order.

20            6. Plaintiff's motions for permission to file electronically and for waiver of PACER fees,

21  ECF Nos. 5 & 6, are DENIED.

22            Further, it is RECOMMENDED that plaintiff's motion for permanent injunction, ECF No.

23  4, be DENIED.

24            These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

26  service of these findings and recommendations, any party may file written objections with the

27  court and serve a copy on all parties. Any such document should be captioned "Objections to

28  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE