UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BELIAEV,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. IMMIGRANTION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>　　　　Defendants. | Case No. 2:25-cv-1046-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Mark Beliaev ("plaintiff") alleges that defendants United States Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security ("DHS"), and Smith, an officer with the ICE field office in Fresno, violated his rights by denying his immigration parole and forcing him to wear a GPS bracelet. ECF No. 9 at 1-2. As I explained in my previous screening order, these claims are non-cognizable. I now recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
6  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17  **Analysis**

18  As I previously explained, federal agencies like ICE and DHS are not viable defendants in
19  a section 1983 action. *See Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011). And an action
20  under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is
21  recognized only in three contexts: a Fourth Amendment claim based on a warrantless search; a
22  Fifth Amendment claim for employment gender discrimination; and an Eighth Amendment claim
23  for failure to provide adequate medical care to a prisoner. *See Harrison v. Birtwell*, No. 2:24-cv-
24  1413 CSK P, 2024 U.S. Dist. LEXIS 138302, *4-5 (E.D. Cal. Aug. 5, 2024) (collecting cases and
25  describing the three recognized *Bivens* actions). The Supreme Court has stated that recognizing
26  new *Bivens* claims is highly disfavored. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). In weighing
27  whether to extend *Bivens*, a court must ask "whether there is any rational reason (even one) to
28  think that Congress is better suited to weigh the costs and benefits of allowing a damages action

to proceed." *Egbert v. Boule*, 596 U.S. 482, 496 (2022) (internal quotation marks omitted). There is no basis for finding a cognizable *Bivens* claim against an ICE officer who has allegedly refused to remove a claimant's GPS device. In essence, plaintiff's claims are the same as in his previous complaint and the analysis of their inadequacy remains the same.

I have already given plaintiff an opportunity to amend, and his amended complaint is no closer to asserting a viable claim. Accordingly, I find that further opportunities to amend are futile and unwarranted.

Accordingly, it is RECOMMENDED that plaintiff's amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE